# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LIBERTY MUTUAL INSURANCE COMPANY,** | * | **CIVIL ACTION NO.  2:19-cv-9845** |
| | * | **SECTION "R" (5)** |
| | * | |
| **VS.** | | |
| | * | **JUDGE SARAH S. VANCE** |
| **DANIEL JOSEPH BOULLION; ET AL** | * | **MAG. MICHAEL B. NORTH** |

## MEMORANDUM IN SUPPORT OF RULE 12 MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

Defendants, Daniel Joseph Boullion, Mary Patsy Soileau Courville, Mavis Todd Courville, Michael Wade Courville, Joseph Eric Courville, Amanda Granier Steib, Donavon J. Steib, Dwane J. Steib, and Israel J. Steib (hereinafter sometimes referred to as the "Declaratory Defendants"), file this motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure.

First, defendants move this Court to dismiss this action for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, as the defendants submit that the Court does not have authority to grant declaratory relief in this case.  However, in the event that this court finds that it does have authority to grant declaratory relief in this matter, the defendants submit that this court should exercise its discretion to abstain from deciding this declaratory judgment action   Next, the defendants move for dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure, as there did not exist complete diversity at the time of the filing of the lawsuit.  Additionally, the defendants have filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

-1-

The sole claim pending against the Declaratory Defendants in this case is a claim for declaratory relief by Liberty Mutual Insurance Company (hereinafter referred to as "Liberty Mutual").  Liberty Mutual seeks a judgment against the Declaratory Defendants declaring that (1) Liberty Mutual has no insurance obligations with respect to Reilly-Benton's asbestos-related liability, including, but not limited to, the Steib Action, the Courville Action, and the Boullion Action; and/or (2) to the extent that Liberty Mutual had any insurance obligations with respect to Reilly-Benton's asbestos-related liability, including but not limited to, the Steib Action, the Courville Action, and the Boullion Action, the obligations have been exhausted and extinguished by operation of a purported Settlement Agreement in 2013 between Liberty Mutual and Reilly-Benton.[1]

## I.      MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allows a party to challenge the subject matter jurisdiction of the district court to hear a case."[2]  The party asserting jurisdiction carries the burden of proof.[3]  Thus, it is Liberty Mutual's burden to establish that this court has jurisdiction to hear this matter between Liberty Mutual and the Declaratory Defendants.

In *Ortix Credit Alliance, Inc. v. Wolfe*[4], the U.S. Fifth Circuit identified a three-step inquiry in determining whether to decide or dismiss a complaint for declaratory relief.  First, the court must determine whether the declaratory action is justiciable.[5]  Second, it must determine whether it has the authority to grant declaratory relief in the case presented.[6]  Third, the court has

---

[1]Rec. Doc. No. 1, <u>Complaint for Breach of Contract, Declaratory Judgment, and Other Relief</u>, at Paragraph

[2]*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[3]*Id*.

[4]212 F.3d 891, 895 (5th Cir. 2000).

[5]*Id*.

[6]*Id*.

to determine how to exercise its broad discretion to decide or dismiss a declaratory action.[7]  This motion focuses on steps two and three of this inquiry.

**A.   The Court does not have authority to grant declaratory relief in this case.**

The second element of the *Orix* test is to determine whether the court has the authority to grant declaratory relief.  A district court lacks authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings under section 2283.[8]  All three of these factors are present in this case.  Accordingly, because the pending state court suits involve the identical parties and identical issues, it is submitted that this court lacks the authority to hear this matter and that abstention is mandatory under the principles set forth in *Texas Employers' Ins. Ass'n v. Jackson*.[9]

**1.   There are pending state law cases that were previously filed by the Declaratory Defendants.**

The Declaratory Defendants have filed state court claims against Liberty Mutual as the alleged insurer of Reilly-Benton.  This is not in dispute.  In fact, Liberty Mutual admits in its complaint that its request for declaratory relief was filed in response to the state court actions of the Declaratory Defendants.[10]  Nonetheless, the Declaratory Defendants hereby attach those portions of the state court petitions wherein they sued Liberty Mutual as an insurer of Reilly-

---

[7]*Id.*

[8]*Natl'l Cas. Co. v. Tom's Welding, Inc.*, 2012 U.S. Dist. LEXIS 78961 (E.D. La. 6/6/12). (Africk, J).

[9]862 F.2d 491, 496 (5th Cir. 1988).

[10]Rec. Doc. No. 1, <u>Complaint for Breach of Contract, Declaratory Judgment, and Other Relief</u> at Paragraphs 38, 42, and 45.

Benton pursuant to the Louisiana Direct Action Statute.[11]

> **2.** **The state cases involve the same issues between the Declaratory Defendants and Liberty Mutual that are pending in this matter.**

In this declaratory judgment action, Liberty Mutual seeks a judgment against the Declaratory Defendants declaring that (1) Liberty Mutual has no insurance obligations with respect to Reilly-Benton's asbestos-related liability, including, but not limited to, the Steib Action, the Courville Action, and the Boullion Action; and/or (2) to the extent that Liberty Mutual had any insurance obligations with respect to Reilly-Benton's asbestos-related liability, including but not limited to, the Steib Action, the Courville Action, and the Boullion Action, the obligations have been exhausted and extinguished by operation of a purported Settlement Agreement in 2013 between Liberty Mutual and Reilly-Benton.[12]  Thus, the two issues before this Court are whether there exists coverage under the alleged policies of insurance, and if there exists coverage, whether the obligations have been exhausted and extinguished by a purported Settlement Agreement.   These same two issues are present in the state court cases.  A review of Liberty Mutual's answers in those cases confirms this.  In all three cases, Liberty Mutual has answered the petition both disputing that coverage exists and also contending that, even if coverage exists, the obligations have been exhausted and extinguished by operation of the Settlement Agreement.[13]  For example, in its Answer and Affirmative Defenses filed in the Boullion Action, Liberty Mutual's first and second defenses pled involve these identical two issues.  Liberty Mutual asserted as follows:

---

[11]Exhibit 1, Boullion Petition for Damages, at Paragraph 6.; Exhibit 2, Courville Fifth Supplemental and Amending Petition for Damages, at Paragraph 85; and Exhibit 3, Steib Second Supplemental and Amending Petition, at Paragraph 111.

[12]Rec. Doc. No. 1, Complaint for Breach of Contract, Declaratory Judgment, and Other Relief, at Paragraph

[13]Exhibit 4, Liberty Mutual's Answer and Affirmative Defenses in Boullion; Exhibit 5, Liberty Mutual's Answer and Affirmative Defenses in Courville; Exhibit 6, Liberty Mutual's Answer and Affirmative Defenses in Steib

**FIRST DEFENSE**

Plaintiff bears the burden to prove the existence and terms of all insurance policies under which he seeks coverage. The Plaintiffs' demands against Liberty are barred to the extent that Plaintiff is not able to prove the existence of and/or establish the terms of the any policies of insurance that may have been issued by Liberty, if any, for the relevant time period (hereinafter referred to as the "Policies"; by referring to the "Policies" herein, Liberty does not concede that any such Policies exist or, if they do, that Plaintiff can establish their terms and conditions).

**SECOND DEFENSE**

Plaintiff's claims are barred because the limits of any and all potentially applicable Policies have been exhausted, and all of Liberty's potential obligations have been released and discharged, in accordance with and/or as established by a good faith, arms-length settlement between Liberty and its insured.[14]

These same defenses are urged by Liberty Mutual in the Steib Action and the Courville Action as well.[15]

### 3. The district court is prohibited from enjoining the state proceedings under section 2283.

Finally, the district court is prohibited from enjoining the state proceeding under section 28 U.S.C. § 2283 . "Because there is a pending state court action in this matter, the Anti-Injunction Act applies to this suit."[16]   28 U.S.C. § 2283 provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." None of these exceptions apply in this instance. A declaratory judgment is not available if an injunction would be barred by the Anti-Injunction Act because declaratory relief has the same effect as an injunction.[17]

---

[14] Exhibit 4, Liberty Mutual's Answer and Affirmative Defenses in Boullion, at pp. 1-2;

[15] Exhibit 5, Liberty Mutual's Answer and Affirmative Defenses in Courville, at p. 2; Exhibit 6, Liberty Mutual's Answer and Affirmative Defenses in Steib, at Affirmative Defense 42 and 66.

[16] *Nat'l Cas. Co. v. Dequeen, Inc.*, 2013 U.S. Dist. LEXIS 161816 (E.D. La. 11/12/13). (Barbier, J).

[17] *Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 506 (5th Cir. 1988).

Accordingly, the Declaratory Defendants assert that this court does not have authority to grant declaratory relief in this matter.

### B.     Discretionary Abstention

As set forth in Section A, *supra*, the Declaratory Defendants maintain that this court does not have authority to grant declaratory relief in this matter.  However, in the event that this court finds that it does have authority to grant declaratory relief in this matter, the Declaratory Defendants submit that this court should exercise its discretion to abstain from deciding this declaratory judgment action pursuant to *Brillhart v. Excess Ins. Co. Of Am.*[18]

The Declaratory Judgment Act confers no jurisdiction to a court but instead is a procedural device designed to provide a new remedy to the federal court.[19]  It is well established that a district court "is not required to provide declaratory judgment relief, and it is a matter for the district court's sound discretion whether to decide a declaratory judgment action."[20]  Absent an abuse of discretion, a district court's decision to abstain from hearing a declaratory judgment action will not be reversed.[21]  The Declaratory Judgment Act "gives the court a choice, not a command."[22]  It is well recognized that where there is a pending state court proceeding, the presumption is that the case should be tried in state court.[23]  Accordingly, a declaratory judgment is usually not available to resolve state-law issues already pending before a state court.[24]

---

[18] 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)

[19] *Days Inn of Am. v. Reno*, 935 F.Supp. 874, 877 (W.D. Tex. 1996).

[20] *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983) (*citing Brillhart v. Excess Ins. Co. Of Am.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); *Rowan Cos. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989).

[21] *Rowan Cos. v. Griffin*, 876 F.2d 26, 29 (5th Cir. 1989).

[22] *Dresser Industries, Inc. v. Ins. Co. Of North America*, 358 F.Supp. 327, 330 (N.D. Tex.), *aff'd*, 475 F.2d 1402 (5th Cir. 1973).

[23] *Government Empls. Ins. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998); *See Brillhart v. Excess Ins.*, 316 U.S. 491, 494-495 (1942).

[24] *Brillhart*, 316 U.S. at 495; *In re Magnolia Mar. Transp. Co.*, 964 F.2d 1571, 1581 (5th Cir. 1992).

Federal courts have vast discretion to entertain, stay, or dismiss a declaratory judgment action.[25]  Among the factors that are relevant to this consideration are as follows:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; 3) whether the plaintiff engaged in forum shopping in bringing the suit; 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forum exist; 5) whether the federal forum is a convenient forum for the parties and witnesses; and 6) whether retaining the lawsuit in federal court would serve the purpose of judicial economy.[26]

The Declaratory Defendants submit that consideration of these factors weighs heavily in favor of dismissing the declaratory judgment action.

With regard to the first factor, there can be no dispute that there is a pending state court action where all of the matters in controversy between Liberty Mutual and the Steib plaintiffs, the Courville plaintiffs, and Daniel Boullion can be fully litigated.  As recognized by Your Honor, "a paramount consideration is whether there is a pending state action in which all the issues in controversy may be fully litigated."[27]  "At least where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in 'gratuitous interference' if it permitted the federal declaratory action to proceed."[28]  In *Axa Marine & Aviation Ins. (UK) Ltd. v. Robinson*, Your Honor granted a motion to dismiss a declaratory action where there were three state court lawsuits pending which would dispose of the insurance coverage issues that appeared in the declaratory action. Just as in *Axa Marine*, there are three pending state court actions which will dispose of the insurance coverage issues between the Liberty Mutual and the Declaratory Defendants.

---

[25]*Coastal Drilling Co., LLC v. Creel*, 2017 U.S. Dist LEXIS 51116 *4 (E.D. La. 4/4/17) (Vance, J); *Wilton v. Seven Falls Co*., 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed. 2d 214 (1995).

[26]*St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-591 (5th Cir. 1994).

[27]*Axa Marine & Aviation Ins. (UK) Ltd. v. Robinson*, 1996 U.S. Dist. LEXIS 2862, *4 (E.D. La. 1996). (Vance, J)

[28]*Id. at *4, quoting Wilton v. Seven Falls Co.*, 132 L.Ed. 2d 214, 115 S.Ct. 2137, 2141 (1995).

Next, as this Court is aware, it is faced with a scenario where Liberty Mutual's federal declaratory action was filed in response to three state court suits that had been filed already.  This fact, which is not disputed, makes clear that the next three factors all weigh in favor of dismissing this action.  Because there were state court suits where these identical issues were already pending, Liberty Mutual's filing of this declaratory action in federal court proves that the filing is simply Liberty Mutual's attempt at forum shopping and an attempt to gain an advantage in time and forum by having this issue decided in federal court before a state court can decide it.  This is made even more clear by the fact that Liberty Mutual has already filed a motion to stay plaintiff's claims against Liberty Mutual in the Steib Action[29]  Because it wants its choice of forum, Liberty Mutual has now filed a motion to stay or sever the Steib case in state court due to its filing of this declaratory action.   Thus, Liberty Mutual is essentially attempting to use the Declaratory Judgment Act as a tool to obtain a stay of the state court proceedings so that it can have a federal court rule on this issue before it can be ruled upon in state court.   Again, in *Axa Marine & Aviation Ins. (UK) Ltd. v. Robinson*[30], Your Honor recognized a similar attempt by an insurer to forum shop where the entire coverage issue could have been resolved in state court but the insurer chose to file in federal court anyway.  The instant matter is even more compelling because not only has Liberty Mutual filed its declaratory judgment action after the filing of the state court pleading but it has now attempted to stay the Steib case in state court.

Plaintiffs submit that if this court were to exercise its discretion to hear this matter, it would impermissibly sanction partial removal.  This issue was discussed in *Chevron U.S.A., Inc. v. Cureington*[31], where the court dismissed a declaratory action.  In discussing the issue of forum shopping, the Court was persuaded by the fact that a lack of complete diversity existed in the underlying state proceeding.[32]  Similarly, none of the underlying state suits could be removed on

---

[29]Exhibit 7, Motion to Sever and Stay

[30]*Axa Marine*, 1996 U.S. Dist. LEXIS 2862, *7

[31]2011 U.S. Dist. LEXIS 28978 (W.D. La. 2/18/11).

[32]*Id*. at *24.

grounds of diversity jurisdiction.  For this reason, the court noted that "to allow the federal declaratory judgment action to go forward would impermissibly sanction partial removal in all but name."[33]  "[P]ermitting it to go forward when there is a pending state court case presenting the identical issue would encourage forum shopping in violation of the second *Brillhart* principle."[34]

Finally, proceeding with this matter in federal court would undermine the goal of judicial economy.  In recognizing this in the *Axa Marine* case, Your Honor noted as follows:

> Moreover, given the direct action claims that have been filed against Underwriters in the state court proceedings, Underwriters will have to defend these direct actions in state court.  *See Auster Oil & Gas, Inc. v. Stream*, 891 F.2d 570, 576-579 (5th Cir. 1990).  Because the state court will address all the issues between the parties, while the federal case will not, the Court finds that exercising its discretion to grant declaratory relief would undermine the goal of judicial economy and lead to piecemeal litigation.[35]

This is the exact situation before the Court in the case at bar.  The issues addressed in this declaratory action against these Declaratory Defendants will all be addressed in the state court suits as well as the liability issues for the insured, Reilly-Benton, which will not be addressed by this Court.  Thus, it will lead to piecemeal litigation.

Of note, there are additional cases that support the position of the Declaratory Defendants as well.  For example, a case on point is the U.S. Fifth Circuit's decision in *Aquafaith Shipping, Ltd. v Jarillas*.[36]  The plaintiff sued Aquafaith Shipping and Seven Seas Maritime, Ltd. in state court.  These two defendants filed a petition for removal as well as a complaint for declaratory relief.[37]  The district court denied both the motion to remand as well as the plaintiff's motion to

---

[33]*Id.* at *24.

[34]*Id.* (*citing Continental Cas. Co. v. Robsac Industries*, 947 F.2d 1367, 1373 (9th Cir. 1991)).

[35]*Axa Marine & Aviation Ins. (UK) Ltd. v. Robinson*, 1996 U.S. Dist. LEXIS 2862, *4 (E.D. La. 1996). (Vance, J)

[36]963 F.2d 806 (5th Cir. 1992).

[37]*Id.* at 807.

dismiss the complaint for declaratory relief.[38]  The U.S. Fifth Circuit reversed the district court.

After deciding that the matter should have been remanded, the U.S. Fifth Circuit also held that

the declaratory judgment should have been dismissed.  In so holding, the Fifth Circuit held as

follows:

> In the words of Mr. Justice Frankfurter, "it would be uneconomical as well
> as vexatious for a federal court to proceed in a declaratory judgment suit" when
> the entire controversy is already being litigated in a state court that is capable of
> resolving the dispute.  *Brillhart v. Excess Ins. Co*., 316 U.S. 491, 495, 62 S.Ct.
> 1173, 1176-76, 86 L.Ed. 1620 (1942).  "Gratuitous interference with the orderly
> and comprehensive disposition of a state court litigation should be avoided."  *Id*.
> While we do not rule in favor of dismissing the federal action solely because the
> state court suit was filed first, prosecution of the federal action would be useless
> when the state court is adjudicating the same controversy, and dismissal is
> therefore appropriate.[39]

Likewise, the controversies between Liberty Mutual and the Declaratory Defendants are already

pending in state court where they will be fully adjudicated by the state court.

Another case on point is *Frontier Pac. Ins. Co. v. Marathon Ashland Petroleum, L.L.C.*[40]

In that case, an insurance company brought an action for a declaratory judgment that the insured

was not entitled to indemnification or defense from the insurer for its liability in a related

negligence case in state court.  The defendant in the declaratory judgment action moved to stay or

dismiss the action.[41]  The court ultimately granted the motion to stay the federal court

proceeding.[42]  Of note, at the time of the filing of the declaratory action, the insurer, Frontier, was

not yet a party to the underlying state action but Marathon had requested leave to file a third-

party demand in the state court action.[43]  The Court noted that the third-party demand raised the

---

[38]*Id.*

[39]*Id.* at 809.

[40]87 F.Supp. 2d 719 (S.D. Tex. 2000).

[41]*Id.*

[42]*Id.* at 722.

[43]*Id.* at 721

same coverage dispute at issue in the federal action.[44]   The Court noted as follows:

> Marathon has requested leave to file a third-party action against Frontier. This third-party demand raises the very same coverage dispute at issue here, and adds claims arising from the Texas Insurance Code.  Further, all of the issues involved in Frontier's declaratory judgment action are state law issues, which are particularly suited for resolution by the state court.  Because there is a similar action pending in state court in which the controversy between the parties can be resolved, the Court finds it utterly duplicative to maintain Frontier's claims at this time.[45]

The situation before this Court is even more compelling.  In all three actions pending in the state court, Liberty Mutual is already a direct defendant in those actions where the very same coverage dispute and extinguishment of obligation dispute are before the Court.  "It would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit when the entire controversy is already being litigated in a state court that is capable of resolving the dispute."[46]

Another factor that the Court held weighed in favor of not exercising its jurisdiction was the fact that Frontier filed its declaratory action after Marathon had requested leave to file the third-party demand to add Frontier in the state court suit.[47]  The Court found that Frontier filed its action in anticipation of the issue being raised in the state court proceeding and thus engaged in forum shopping.[48]  The forum shopping consideration is even more compelling in this action, as Liberty Mutual was already a defendant in all three actions when it filed its declaratory action.

Finally, the Court noted that it would be unfair to the parties in the underlying state court action to litigate the coverage issues since it would prolong the litigation of the underlying

---

[44]*Id.*

[45]*Id.* at 721.

[46]*Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806, 809 (5th Cir. 1992), *quoting Brillhart*, 316 U.S. at 495, 62 S.Ct. at 1175-76.

[47]*Frontier Pac. Ins. Co.,* 87 F.Supp.2d at 721.

[48]*Id.*

action.[49]  Likewise, the same issue is presented by Liberty Mutual's action for declaratory judgment.  It would do nothing more than prolong the state court action and would not serve the interests of justice.  This is made abundantly clear by Liberty Mutual's actions since the filing of its declaratory judgment action.  For example, as noted above, in the Steib Action, Liberty Mutual has already sought to delay the resolution of the Steib Action by filing a motion to stay with the state court asserting that the state court should stay the matter pending resolution of this action in federal court.  This act by Liberty Mutual not only shows that it will prolong litigation but lends further support to the contention discussed above that Liberty Mutual is engaging in forum shopping.  "Ultimately, the Court finds it more efficient for the coverage issue - - governed by state law - - to be litigated in a state court proceeding in which all interested parties may participate."[50]  Courts are urged to avoid piecemeal litigation when deciding whether to exercise jurisdiction over declaratory judgment actions.[51]

Accordingly, the Declaratory Defendants submit that the factors discussed above weigh heavily in favor of abstaining from hearing this declaratory judgment action, and the Declaratory Defendants request that this court dismiss Liberty Mutual's declaratory action against them.

## II.   THIS COURT LACKS SUBJECT-MATTER JURISDICTION AS THERE IS A LACK OF COMPLETE DIVERSITY OF CITIZENSHIP

Additionally, the Declaratory Defendants assert that this court lacks subject-matter jurisdiction as there is a lack of complete diversity of citizenship between the parties. Accordingly, they move for dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Liberty Mutual Insurance Company alleges in its complaint that it is a citizen of

---

[49] *Id.* at 721-722.

[50] *Id.* at 722.

[51] *Wilton v. Seven Falls Co*., 515 U.S. 277, 286-291, 115 S.Ct. 2137, 2142-2144 132 L.Ed. 2d 214 (1995).

Massachusetts.  However, its presence in Massachusetts is irrelevant.  As is alleged by Liberty

Mutual, it has been pursued by Declaratory Defendants in state court pursuant to the Louisiana

Direct Action Statute as the insurer of Reilly-Benton.[52]  Moreover, Liberty Mutual does not

dispute that Reilly-Benton's citizenship is Louisiana.[53]  In such a situation, the insurer is deemed

a citizen of the state where the insured is a citizen.  28 U.S.C. § 1332(c)(1).  Reilly-Benton is a

citizen of Louisiana.[54]  Thus, Liberty Mutual takes on the citizenship of its insured, Reilly-

Benton.[55]  Accordingly, there is a lack of complete diversity in this matter, and the Declaratory

Defendants' motion to dismiss should be granted.

It is submitted that allowing Liberty Mutual to proceed in federal court to essentially

defend against the direct action coverage claims that are already pending in state court would

promote forum shopping.   This has been recognized by courts addressing cases where

declaratory judgment actions were brought in a federal forum where there was also a state case

on the same issues.  For example, in *Chevron U.S.A., Inc. v. Cureington*[56], the court noted as

follows when considering the issue of forum shopping:

> Chevron's argument, however, overlooks the requirement that "[a]ll
> plaintiffs must be diverse in citizenship from all defendants in an action brought
> under the jurisdiction conferred by 28 U.S.C. § 1332(a)." *Farrell Constr. Co. V.
> Jefferson Parish, La.,* 896 F.2d 136, 139-140 (5ᵗʰ Cir. 1990).  Indeed, several of
> the defendants that the Hixons joined in their state court suit with Chevron are not
> diverse; thus removal of the state court petition, via diversity, is not presently
> available.  Under similar circumstances, the Ninth Circuit has recognized that "to
> allow the federal declaratory judgment action to go forward would impermissibly
> sanction partial removal in all but name.

Allowing this suit to proceed based upon diversity jurisdiction where the same issues are present

in the state suit would promote forum shopping.  Thus, dismissing this case on the basis that

---

[52] Rec. Doc. No. 1, at Paragraph 4.

[53] Rec. Doc. No. 1, at Paragraph 14

[54] Exhibit 8, <u>Reilly-Benton Secretary of State Records</u>.

[55] *Williams v. Liberty Mutual Ins. Co.*, 468 F.2d 1207 (5ᵗʰ Cir. 1972).

[56] 2011 U.S. Dist. LEXIS 28978, *24 (W.D. La. 2/18/11).

there is a lack of diversity is proper.

### III.   THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

As stated *supra*, as part of its relief, Liberty Mutual seeks a judgment declaring that to the extent that Liberty Mutual had any insurance obligations with respect to Reilly-Benton's asbestos-related liability, including but not limited to the Steib Action, the Courville Action, and the Boullion Action, the obligations have been exhausted and extinguished by operation of a Settlement Agreement in 2013 between Liberty Mutual and Reilly-Benton.[57]  Thus, Liberty Mutual is seeking a judgment that it has no obligation to the injured victims in the Steib Action, Courville Action, and Boullion Action because it entered into a agreement with the insured, Reilly-Benton.  Even if it is assumed that the facts as pled by Liberty Mutual are true, Liberty Mutual is not entitled to any relief against the Declaratory Defendants.  This purported Settlement Agreement has nothing to do with the Steibs, the Courvilles, or Mr. Boullion, as none of them were parties to this agreement.  Accordingly, the Settlement Agreement has no effect upon their direct action claims against Liberty Mutual which are the subject of the state court actions.

La. R.S. 22:1269 makes clear that liability policies "are executed for the benefit of all injured persons and their survivors or heirs to whom the insured is liable; and, that it is the purpose of liability policies to give protection and coverage to all insureds . . . ."  Moreover, La. R.S. 22:1262 makes clear as follows:

> No insurance contract insuring against loss or damage through legal liability for the bodily injury or death by accident of any individual, or for damage to the property of any person, shall be retroactively annulled by an agreement between the insurer and insured after the occurrence of any such injury, death, or damage for which the insured may be liable, and any such annulment attempted shall be null and void.

---

[57]Rec. Doc. No. 1, <u>Complaint for Breach of Contract, Declaratory Judgment, and Other Relief</u>, at Paragraph 24-25.

"The plain language of La. R.S. 22:1262 prohibits insurers and insureds from retroactively rescinding or annulling policy contracts by agreement post-occurrence."[58]  The purpose of this statute "is to prevent insurers and insureds from agreeing to annul or rescind contracts to the detriment of an injured third party."[59]  Accordingly, the settlement agreement between the insurer and the insured (i.e. Liberty Mutual and Reilly-Benton) has no bearing on the claims by Declaratory Defendants against Liberty Mutual.  Thus, Liberty Mutual's petition fails to state a claim upon which relief can be granted.

These sort of settlement agreements like the one between Reilly-Benton and Liberty Mutual cannot be executed post-occurrence to alter the rights of injured victims.  Louisiana courts have recognized this in holding that while such agreements may potentially be effective as between the insurer and the insured, such agreements do not affect the rights of injured victims as doing so would violate public policy.

For example, the issue of post-occurrence agreements regarding an insurance policy arose before the Louisiana Supreme Court in *Washington v. Savoie*.[60]  In *Washington*, the plaintiffs were injured in vehicular accidents.[61]  However, after the accident occurred, the insurer and the insured entered into an agreement to correct a purported error in the contract and attempted to change the effective date of an endorsement under the policy, which would have effectively precluded coverage for the injured party under the policy.[62]  In recognizing the public policy behind Louisiana's uninsured motorist coverage statute, which was enacted to promote full recovery of damages by persons who are innocent victims, the Court rejected the insurer and

---

[58]  *Long v. Eagle, Inc.*, 14-889 (La. App. 4 Cir. 2/25/15), 158 So.3d 968, 971, *writ denied*, 15-811 (La. 6/19/15), 172 So.3d 652.

[59] *Id*. at pp. 971-972.

[60] *Washington v. Savoie*, 634 So.2d 1176 (La. 1994).

[61] *Id*. at 1178.

[62] *Id*. at 1178.

insured's attempt to preclude the injured victims recovery by a retroactive alteration of the policy through an agreement between the insured and insurer after the accident.[63]  Similarly, as noted above, Louisiana likewise recognized this same public policy when it enacted La. R.S. 22:1269, wherein it is recognized that liability policies "are executed for the benefit of all injured persons and their survivors or heirs to whom the insured is liable; and, that it is the purpose of liability policies to give protection and coverage to all insureds . . . ."   Thus, this sort of post-occurrence agreement between Liberty Mutual and Reilly-Benton cannot alter the injured victims rights in this instance. Insurance coverage under a given policy is triggered when there is exposure to harmful substances (*i.e.* asbestos) during the policy period.[64]  Also, a plaintiff's cause of action accrues at the time of the "substantial injury producing exposures giving rise to plaintiffs' claims."[65]  Once these substantive rights are conferred against the insurer, they become vested property right that may not be constitutionally divested.[66]

Another court has recognized this and has applied the Louisiana Supreme Court's holding in *Washington* to a situation as is before this Court where a Settlement Agreement existed between the insurer and insured.  In *Long v. Eagle, Inc.*, USF&G issued a primary CGL policy to Eagle for asbestos liabilities.[67]  Just as Liberty Mutual has indicated in its Complaint that it advised plaintiffs that all obligations were exhausted and extinguished due to the subject settlement agreement, USF&G likewise notified a co-insurer, OneBeacon, that all funds had been

---

[63]*Id*. at 1179-1180.

[64]*Cole v. Celotex* 599 So. 2d 1058, 1975-6 (La. 1992); *Porter v. American Optical Corp.*, 641 F. 2d 1128 (5th Cir.), *cert den.*, 454 U.S. 1109, 102 S. Ct. 686, 70 L. Ed. 2d 650 (1981), *reh'g denied*, 455 U.S. 1009, 102 S.Ct. 1649, 71 L. Ed. 2d 878 (1982)；  *Houston v. Avondale Shipyards, Inc.,* 506 So.2d 149 (La.App. 4th Cir.), *writ denied*, 512 So.2d 459, 460 (La.), *reconsideration denied*, 513 So.2d 813 (La. 1987)

[65]*Cole v. Celotex Corporation*, 599 So.2d 1058, 1063 (La. 1992).

[66]*Id*.

[67]*Long*, 158 So.3d at 969.

exhausted due to a 2003 Settlement Agreement.[68]  OneBeacon argued that such a post-accident agreement regarding the insurance policy was null and void and against public policy.  While the Louisiana Fourth Circuit ultimately found in favor of USF&G in not declaring the Settlement Agreement null and void, it did so only because the third party seeking coverage was an insurance company as opposed to the injured tort victim.[69]  In fact, the Louisiana Fourth Circuit specifically noted as much:

> Like in *Fruge*, the party challenging the Settlement Agreement in this case is not the injured tort victim.  The third party attempting to assert rights here is an insurance company that contracted with Eagle for coverage, including the duty to defend without consideration of other policies.  For that reason, we cannot extend the public policy protections in *Washington* to this matter.  However, it is worth noting that had Pearson Long challenged the Settlement Agreement under *Washington*, our finding may be different.[70]

Clearly, the Courts have recognized that settlement agreements such as the one Liberty Mutual is basing its claim upon in this matter have no effect upon injured victims.

Accordingly, its is submitted that Liberty Mutual's complaint, to the extent that it seeks a judgment declaring that it has no obligations to the injured victims, including the Steib plaintiffs, the Courville plaintiffs, and the Boullion plaintiff, based upon a settlement agreement between itself and Reilly-Benton, fails to state a claim upon which relief can be granted.

---

[68] *Id.* at 969.

[69] *Id.* at 971.

[70] *Id.* at 971.

-17-

**WHEREFORE**, Daniel Joseph Boullion, Mary Patsy Soileau Courville, Mavis Todd Courville, Michael Wade Courville, Joseph Eric Courville, Amanda Granier Steib, Donavon J. Steib, Dwane J. Steib, and Israel J. Steib , respectfully pray that Liberty Mutual Insurance Company 's complaint against the Declaratory Defendants is dismissed.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY on the 31st day of May, 2019, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all attorneys of record by operation of the court's electronic filing system.  I also certify that I have mailed by United States Postal Service this filing to any non-CM/ECF participants.

S/ Jonathan B. Clement
JONATHAN B. CLEMENT

Respectfully submitted,

ROUSSEL & CLEMENT

S/ Jonathan B. Clement
GEROLYN P. ROUSSEL, T.A. - 1134
PERRY J. ROUSSEL, JR. - 20351
JONATHAN B. CLEMENT - 30444
LAUREN R. CLEMENT - 31106
BENJAMIN P. DINEHART - 33096
1550 West Causeway Approach
Mandeville, LA  70471
Telephone:  (985) 778-2733
ATTORNEYS FOR DANIEL JOSEPH BOULLION, MARY PATSY SOILEAU COURVILLE, MAVIS TODD COURVILLE, MICHAEL WADE COURVILLE, JOSEPH ERIC COURVILLE, AMANDA GRANIER STEIB, DONAVON J. STEIB, DWANE J. STEIB, AND ISRAEL J. STEIB