UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LIBERTY MUTUAL INSURANCE COMPANY,** | * | CIVIL ACTION NO. 2:19-cv-9845 |
| | * | SECTION "D" (5) |
| VS. | * | |
| | * | JUDGE WENDY VITTER |
| **DANIEL JOSEPH BOULLION, ET AL** | * | MAG. MICHAEL B. NORTH |

## REPLY MEMORANDUM IN SUPPORT OF RULE 12 MOTION TO DISMISS

**MAY IT PLEASE THE COURT**:

Defendants, Daniel Joseph Boullion, Mary Patsy Soileau Courville, Mavis Todd Courville, Michael Wade Courville, Joseph Eric Courville, Amanda Granier Steib, Donavon J. Steib, Dwane J. Steib, and Israel J. Steib (hereinafter sometimes referred to as the "Declaratory Defendants"), file this Reply Memorandum to address those arguments raised in the Opposition Memorandum[1] filed by Liberty Mutual Insurance Company (hereinafter "Liberty Mutual").

Liberty Mutual provides two reasons why it believes its claims against the Declaratory Defendants should proceed in federal court. Its first reason is essentially a confirmation that the above-captioned action is an attempt by Liberty Mutual at forum shopping. As its main basis that this matter should be litigated in federal court, Liberty Mutual attacks the state court's ability to handle the matter and asserts that the insurance issue will be a "tagential sideshow" and further alleges that the state court would refuse to address the insurance issue at all.[2] Clearly, Liberty Mutual is forum shopping. Essentially, Liberty Mutual's position is that it would far better if the matter was pending in federal court instead of state court. Liberty Mutual's preference for a federal forum is not a basis for this Court to maintain jurisdiction and is actually the exact type of situation which should be avoided. The only other argument Liberty Mutual raises as to why the

---
[1]Rec. Doc. No. 31.

[2]Rec. Doc. No. 31.

- 1 -

federal court matter should proceed is it noting that it also has a breach of contract claim against the Trustee. However, Liberty Mutual's breach of contract claim against the Trustee has nothing to do with the Declaratory Defendants.

## I. THE REILLY-BENTON COVERAGE DISPUTE

Liberty Mutual spends several pages of its brief addressing issues which have no bearing on the merits of its motion to dismiss. However, the Declaratory Defendants unfortunately must address certain of the factual inaccuracies alleged by Liberty Mutual. Liberty Mutual attempts to frame the coverage dispute as one which potentially only involves three (3) years of coverage based upon three certificates of insurance. This is not a dispute over only three (3) years of coverage. Liberty Mutual was Reilly-Benton's long-time insurer. Liberty Mutual claims that there exists no other secondary evidence of coverage other than these three (3) certificates of insurance. However, this is incorrect.

As is not disputed by Liberty Mutual, the issue of coverage is governed by Louisiana law and is one that is routinely handled by state courts. Louisiana law is clear that certificates of insurance are not the only types of secondary evidence of coverage which is sufficient to establish coverage under Louisiana law. *Hoerner v. Anco Insulations, Inc.*, 00-2333 (La. App. 4 Cir. 1/23/02); 812 So.2d 45, 72, *writ denied*, 819 So.2d. 1023-1024 (La. 2002) (where the Fourth Circuit held that testimony from a corporate offer is sufficient to prove coverage). There exists other secondary evidence establishing Liberty Mutual as the insurer of Reilly-Benton from approximately 1958 through 1968. For example, there exists worker's compensation policies establishing Liberty Mutual as Reilly-Benton's insurer throughout the 1960s. Warren Watters, President of Reilly-Benton, confirmed that Liberty Mutual provided both the worker's compensation as well as general liability insurance throughout the 1960s.[3]

Additionally, Liberty Mutual raises an issue of the limits of its policies being exhausted. However, it is Liberty Mutual's burden under Louisiana law to show that the limits have been exhausted. The Louisiana Supreme Court has made clear that "[t]he insurer . . . bears the burden

---

[3]Exhibit 9, Deposition of Warren Watters (9/27/99), at p. 38-39.

of showing policy limits or exclusions." *Tunstall v. Stierwald, et al.*, 01-1765 (La. 2/26/02); 809 So.2d 916. Liberty Mutual fails to advise this court that the exposure from Reilly-Benton is not limited to sale of products but also from its contracting activities. Liberty Mutual has not come forward with any policy language which establishes that the aggregate limits it identifies in its brief even applies to contracting activities. In its brief, Liberty Mutual asserts that Reilly-Benton is identified "strictly in their capacities as packagers, manufacturers, and/or distributors of asbestos generally."[4] However, Reilly-Benton is alleged also to have exposed the injured claimants through its contracting activities. For example, in the Boullion petition at Paragraph 14, plaintiff alleges as follows:

14.

>During various periods of time from 1940's through 1990, Anco Insulations, Inc; Eagle, Inc. (formerly Eagle Asbestos & Packing Company, Inc.); the McCarty Corporation (successor to McCarty Branton, Inc., and predecessor and successor to McCarty Insulation Sales, Inc.); **Reilly Benton Company, Inc.**, Branton Insulations, Inc., and Taylor Seidenbach, Inc., **also did contracting work at the locations where Daniel J. Boullion was working thereby exposing them during their handling of asbestos-containing products**. Daniel J. Boullion was exposed to asbestos-containing products manufactured, distributed and sold by all defendants named in this petition.[5]

These allegations also appear in the Steib petition and Courville petitions.[6] Thus, contrary to Liberty Mutual's assertions, Reilly-Benton is not identified strictly as a packager, manufacturer, and/or distributor, but also as exposing the injured victims through contracting activities.

Accordingly, Liberty Mutual's assertions that it has "in good faith" settled its liabilities is actually an attempt to limit its liability to asbestos victims by a post-occurrence agreement with the insured, which is prohibited under Louisiana law. "The plain language of La. R.S. 22:1262 prohibits insurers and insureds from retroactively rescinding or annulling policy contracts by

---

[4]Rec. Doc. No. 31, Liberty's Opposition at p. 4-5.

[5]Rec. Doc. No. 22-4, Boullion Petition for Damages at Paragraph 14.

[6]Rec. Doc. 22-6, Steib Second Supp and Amend Petition at Paragraph 45; Exhibit 10 - Courville Petition, at Paragraph 12.

- 3 -

agreement post-occurrence."[7] Thus, what has been identified as a good faith attempt to undertake its obligations is instead a back-door attempt to escape its obligations to injured victims.

## II. ABSTENTION

The motion to dismiss before this Court involves the claims of Liberty Mutual against the Declaratory Defendants. However, Liberty Mutual focuses a great deal of its argument on its claim against the Trustee of the purported Reilly Benton trust. Liberty Mutual's claim against the Trustee has no relevance to this motion to dismiss before this Court, which is the Declaratory Claimants' motion to dismiss the claims Liberty Mutual filed against them.

### A.  Mandatory Abstention

A district court lacks authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings under section 2283.[8]

First, there can be no dispute that the Mr. Boullion, the Steibs, and the Courvilles have pending state court actions against Liberty Mutual. In fact, Liberty Mutual admits in its complaint that its request for declaratory relief was filed in response to the state court actions of these claimants.[9] Instead, in what has become Liberty Mutual's main argument on the issue of abstention, it cites to Liberty Mutual's breach of contract claim against the Trustee, and argue that the Trustee has not filed a claim in state court. However, Declaratory Defendants' motion to dismiss does not involve Liberty Mutual's breach of contract claim against the Trustee. The Declaratory Defendants are seeking dismissal for lack of jurisdiction as to those claims asserted

---

[7] *Long v. Eagle, Inc.*, 14-889 (La. App. 4 Cir. 2/25/15), 158 So.3d 968, 971, *writ denied*, 15-811 (La. 6/19/15), 172 So.3d 652.

[8] *Nat'l Cas. Co. v. Tom's Welding, Inc.*, 2012 U.S. Dist. LEXIS 78961 (E.D. La. 6/6/12). (Africk, J).

[9] Rec. Doc. No. 1, <u>Complaint for Breach of Contract, Declaratory Judgment, and Other Relief</u> at Paragraphs 38, 42, and 45.

against them. There is no breach of contract claims asserted by Liberty Mutual against the Declaratory Defendants.

Next, Liberty Mutual again references its breach of contract claim against the Trustee to support its argument that the state case does not involve the same issues. There is no breach of contract claim against the Declaratory Defendants The issue is whether the same claims filed by the Declaratory Defendants in state court are the same issues filed by Liberty Mutual against the Declaratory Defendants in federal court. Liberty Mutual does not really dispute that the issues between Liberty Mutual and the Declaratory Defendants are present in both suits, but instead argues that the federal case is different because there also exist claims by the injured victims against other defendants who may also be responsible for exposing the injured victims to asbestos. The fact that there are other claims does not equate to the claims between Liberty Mutual and the Declaratory Defendants being different. They are the same in both cases.

The case cited by Liberty Mutual regarding the issue of mandatory abstention is the case of *Evanston Ins. Co. v. Gabriel*.[10] However, in *Gabriel*, the declaratory defendants (the Gabriels) did not have a previously filed state court suit against the declaratory plaintiff (Evanston).[11] The Court noted that the later-filed state court action was initiated by only one of the insureds and involved allegations of unfair trade practices against Evanston in conjunction with the appraiser and only concerned Evanston's obligation to Gabriel Realty, whereas the federal action involved Evanston's contractual obligations with respect to each insured and also whether the Gabriels could be compelled to participate in the appraisal process.[12]

In contrast, the issues between the Declaratory Defendants and Liberty Mutual are identical in both suits. In this declaratory judgment action, Liberty Mutual seeks a judgment against the Declaratory Defendants declaring that (1) Liberty Mutual has no insurance obligations with respect to Reilly-Benton's asbestos-related liability, including, but not limited to, the Steib

---

[10] 2018 U.S. Dist. LEXIS 94964 (W.D. Tex. June 6, 2018).

[11] *Id*. at *10.

[12] *Id*. at *12-13.

Action, the Courville Action, and the Boullion Action; and/or (2) to the extent that Liberty Mutual had any insurance obligations with respect to Reilly-Benton's asbestos-related liability, including but not limited to, the Steib Action, the Courville Action, and the Boullion Action, the obligations have been exhausted and extinguished by operation of a purported Settlement Agreement in 2013 between Liberty Mutual and Reilly-Benton.[13] These same two issues are present in the state court cases. In fact, a review of Liberty Mutual's answers in those cases confirms such. In all three cases, Liberty Mutual has answered the petition both disputing that coverage exists and also contending that, even if coverage exists, the obligations have been exhausted and extinguished by operation of the Settlement Agreement.[14]

Notably, in this portion of its brief, Liberty Mutual again reveals the real reason behind its federal action (i.e. forum shopping) when it questions the state court's handling of the litigation by noting that the "coverage issues that form the centerpiece of this Action are merely a footnote to the State Court Actions, to the extent they are litigated at all."[15] However, in making this forum shopping argument assertion, Liberty Mutual essentially concedes that the coverage issues that exist in the federal action also exist in the state court action.

Finally, Liberty Mutual cites to *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n*[16] in attempt to avoid mandatory abstention. However, *Travelers* does not support Liberty Mutual's position for several reasons. First, the Court specifically recognized that, unlike Liberty Mutual, Travelers did not bring the federal action to nullify the claimant's advantage in first bringing the matter in state court nor to change forums. This is precisely why Liberty Mutual filed the declaratory action against the Steib claimants, the Courville claimants, and Mr. Boullion. Liberty Mutual wanted to change the forum which decides the issue. "Using a declaratory judgment action to race to *res judicata* or to change forums is thoroughly inconsistent with the purposes of

---

[13]Rec. Doc. No. 1

[14]Exhibit 4-6

[15]Rec. Doc. No. 31, Liberty Mutual's Opposition, at p. 12.

[16]996F.2d 774 (5th Cir. 1993).

- 6 -

the Declaratory Judgment Act and should not be countenanced."[17]  This cannot be made more clear than Liberty Mutual's own assertions that if the state court handles the insurance issue that the insurance issue will be a "tagential sideshow" and assertion that the state court would refuse to address the insurance issue at all.[18]  Moreover, in *Travelers*, based upon the insureds, there were potential claims to be filed in courts "throughout Louisiana and possibly Mississippi."[19]  The claims of the Steibs, the Courvilles, and Mr. Boullion are all pending in the Civil District Court for the Parish of Orleans.   Moreover, the *Travelers* Court believed that under the facts of that case, the claimant had waived any right to argue that the district court should have given priority to her state suit since she filed a similar declaratory action in state court two years prior to the dismissal of the federal declaratory action, which case remained stagnant.  Moreover, the Court found "significant that even though Miss Hurdle had ample opportunity to so do, at not time did she ask the district court to give precedence to her state court action."[20]  These factors weighed heavily in the Court's determination that the *Travelers* action fell outside the parameters of *Texas Employers' Ins Ass'n v. Jackson*, where the U.S. Supreme Court found that the general rule is mandatory abstention where the three factors set forth above are present.

Additionally, in footnote 8 of its opposition, Liberty Mutual cites three cases which it claims supports its position.  However, in each case, the insurer was not a party to the state court action and no coverage issues were pending in the state court actions.  In each of the state court actions involved herein, Liberty Mutual is involved in all three and coverage issues are present in all three.  Thus, Liberty Mutual's reliance upon these cases is misplaced.

    **B.**    **Discretionary Abstention**

In the event that this court finds that mandatory abstention is inapplicable, the Declaratory Defendants submit that this court should exercise its discretion to abstain from deciding this

---

[17]*Id*. at 776, fn. 7.

[18]Rec. Doc. No. 31.

[19]*Id*. at 777.

[20]*Id*. at 777.

declaratory judgment action pursuant to *Brillhart v. Excess Ins. Co. Of Am.*[21] Liberty Mutual first argues that *Brillhart* is not the appropriate standard. However, in the very case upon which Liberty Mutual relies, *New Eng. Ins. Co. v. Barnett*[22], the Fifth Circuit confirmed that the *Brillhart* standard was the proper standard to apply to a declaratory judgment action. The *Colorado River* standard would apply only if Liberty Mutual had also set forth an action against the Steib plaintiffs, the Courville plaintiffs, and Mr. Boullion for additional coercive relief.[23] In *New Eng. Ins. Co. v. Barnett*, the declaratory plaintiff insurer had filed a declaratory action against Mr. Barnett, and Mr. Barnett filed a counterclaim for coercive relief against the insurer.[24] In this action, Liberty Mutual has not filed a claim against the Declaratory Defendants other than the claim for declaratory relief, nor have any of the Declaratory Claimants filed any counterclaims asserting coercive relief in this federal action. Accordingly, Liberty Mutual's argument that the Court should apply the *Colorado River* standard as in *Barnett* is misplaced.

Liberty Mutual cites no support for its attempt to utilize its claims against the Trustee as a means to avoid application of the *Brillhart* standard to its declaratory action against the Steibs, Courvilles, and Mr. Boullion. Liberty Mutual implies in its brief that such a claim is ancillary and that the Fifth Circuit has held that such ancillary claims invoke the *Colorado River* standard. However, the cases cited by Liberty Mutual do not support Liberty Mutual's attempt to utilize a claim against another party to avoid the *Brillhart* standard. When finding that an ancillary claim for coercive relief invokes the *Colorado River* standard, the Fifth Circuit has done so when there is both a declaratory action claim and ancillary claim against the party urging abstention.[25] In the cases relied upon by Liberty Mutual, the courts applied the *Colorado River* standard where there was a coercive claim in addition to the declaratory action claim against the party urging

---

[21] 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)

[22] 561 F.3d 392 (5th Cir. 2009).

[23] *Id*.

[24] *Id*. at 397.

[25] *See e.g. PPG Indus., Inc. v. Cont'l Oil Co.*, 478 F.2d 674, 679 (5th Cir. 1973).

abstention. In the matter before this Court, there is no coercive claim by Liberty Mutual against any of the parties urging this Court to abstain from exercising jurisdiction over the claims asserted against them.

Nonetheless, the Declaratory Claimants submit that even under the *Colorado River* standard, this Court should abstain from hearing this matter. Contrary to Liberty Mutual's assertion, there is no concern for piecemeal litigation. The state court actions are all pending in Orleans Parish. The fourth factor cited by Liberty Mutual (the order in which jurisdiction was obtained), clearly weighs in favor of abstention. There is no dispute that the Declaratory Defendants have filed their claims first. Moreover, two of the cases are scheduled to proceed to trial in October (Boullion) and November (Courville). The Steib matter is set for trial in March 2020. The fifth factor (whether federal law provides the rule of decision) also weighs in favor of abstention. There is no federal law implicated in this matter. Finally, the sixth factor (wether the state court proceedings are inadequate to protect Liberty Mutual's rights) also weighs in favor of abstention. These are state law issues, and the state courts are more than capable of handling the cases. The only argument that Liberty Mutual can assert is that it essentially prefers a federal forum, which is forum shopping.

### III. LACK OF COMPLETE DIVERSITY OF CITIZENSHIP

Liberty Mutual argues that 28 U.S.C. § 1332(c)(1) is not applicable simply because it was Liberty Mutual that initiated the lawsuit in federal court instead of litigating the same issue in state court where it was originally filed by plaintiff. Liberty Mutual is attempting to avoid application of this statute by calling its action a declaratory action instead of a direct action. However, it is simply a direct action in reverse. This blatant attempt at forum shopping should not be allowed. Liberty Mutual relies heavily upon a decision from 1967 in *Gov't Emps. Ins. Co. v Le Bleu*.[26] However, the *Le Bleu* case is distinguishable. In deciding the issue, the Court examined the purpose of the Declaratory Judgment Act and noted that its purpose was to allow a **prospective** defendant to obtain a hearing of his defense to an "impending or threatened" action

---

[26] 272 F.Supp. 421, 430 (E.D. La. 1967)

by another. *Id*. at 426. It was not meant to allow an insurer a mechanism by which to obtain a change of venue of a pending matter before another court. In *LeBlue*, there was no pending state court action that had been filed prior to the Declaratory Judgment Action. *Id*. at 430. When deciding the issue, the *Le Bleu* Court noted that it "agree[d] with this major premise, that the basic principles and concepts governing declaratory judgment procedure compel us to apply the § 1332(c) proviso to actions which, although instituted by the insurer under the Declaratory Judgment Act, are in reality "direct actions against the insurer." *Id*. at 429. The *Le Blue* Court was not faced with a situation where the same issues were present in an earlier filed state court suit. As shown by the Declaratory Defendants in the original motion to dismiss filed herein, the same issues that are before this Court are before the state courts. Thus, the *Le Bleu* case is distinguishable.

Similarly, Liberty Mutual's reference to *Arcuri v. Chevron U.S. Prods Co.* is likewise unpersuasive, as it did not involve a situation where the insurer was attempting to circumvent the chosen forum of the injured party by the filing of a Declaratory Judgment Action after the filing of a state court action. Thus, the cases to which Liberty Mutual cites do not support its position.

## IV.     FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED

As part of its relief, Liberty Mutual is seeking a declaratory judgment that it has no obligation to the injured victims in the Steib Action, Courville Action, and Boullion Action because it entered into a Settlement Agreement with the insured, Reilly-Benton. While Liberty Mutual attempted to attack the cases cited by the Declaratory Defendants, Liberty Mutual did not even attempt to cite a single statute or case which supports an argument that the Declaratory Claimants could legally be bound by a Settlement Agreement to which they were not a party. Because Liberty Mutual has not cited to a legal basis for this assertion, the claim must be dismissed.

**WHEREFORE**, defendants, Daniel Joseph Boullion, Mary Patsy Soileau Courville, Mavis Todd Courville, Michael Wade Courville, Joseph Eric Courville, Amanda Granier Steib, Donavon J. Steib, Dwane J. Steib, and Israel J. Steib , respectfully pray that Liberty Mutual Insurance Company 's complaint against the Declaratory Defendants is dismissed.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY on the 9th day of July, 2019, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all attorneys of record by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to any non-CM/ECF participants.

<u>S/ Jonathan B. Clement</u>
JONATHAN B. CLEMENT

Respectfully submitted,

ROUSSEL & CLEMENT

<u>S/ Jonathan B. Clement</u>
GEROLYN P. ROUSSEL, T.A. - 1134
PERRY J. ROUSSEL, JR. - 20351
JONATHAN B. CLEMENT - 30444
LAUREN R. CLEMENT - 31106
BENJAMIN P. DINEHART - 33096
1550 West Causeway Approach
Mandeville, LA  70471
Telephone:  (985) 778-2733
ATTORNEYS FOR DANIEL JOSEPH BOULLION, MARY PATSY SOILEAU COURVILLE, MAVIS TODD COURVILLE, MICHAEL WADE COURVILLE, JOSEPH ERIC COURVILLE, AMANDA GRANIER STEIB, DONAVON J. STEIB, DWANE J. STEIB, AND ISRAEL J. STEIB