# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, | * <br> * <br> * CIVIL ACTION NO. 19-09845 |
| Plaintiff, | * <br> * SECTION "D" - 5 |
| v. | * <br> * JUDGE WENDY B. VITTER |
| DANIEL JOSEPH BOULLION; MARY PATSY SOILEAU COURVILLE; MAVIS TODD COURVILLE; MICHAEL WADE COURVILLE; JOSEPH ERIC COURVILLE; AMANDA GRANIER STEIB; DWANE J. STEIB; DONAVON J. STEIB; ISRAEL J. STEIB; and KEVIN M. NEYREY, solely in his capacity as Trustee of the Reilly-Benton Asbestos Bodily Injury Claim Trust, | * MAGISTRATE MICHAEL B. NORTH <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |
| Defendants. | * |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT
FOR FAILURE TO STATE A CLAIM PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6)**

**PUBLIC REDACTED VERSION**[1]

NOW INTO COURT, through undersigned counsel, comes Kevin Neyrey ("Neyrey" or the "Trustee"), solely in his capacity as Trustee of the Reilly-Benton Asbestos Bodily Injury Claim Trust (the "Trust"), and files this Memorandum in Support of his *Motion to Dismiss Complaint for Failure to State a Claim Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)*.

## BACKGROUND

---

[1] In accordance with the Court's Order (Rec. Doc. 43) the Trustee is filing "into the record this redacted version of the Motion to Dismiss and exhibits, redacting any confidential information. The Court will place an unredacted version of the Motion to Dismiss Under Seal."

To implement ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ more fully described in Liberty Mutual's unredacted Complaint and attached as Exhibit B to the unredacted Complaint, [ECF Doc. 4], ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



Liberty Mutual has not alleged (nor has any basis to allege) any willful misconduct on

On or about October 25, 2017, Reilly-Benton filed a voluntary petition for bankruptcy relief under chapter 7 of title 11 of the United States Code. Asbestos-related claimants could no longer assert their claims directly against Reilly-Benton; therefore, apparently some of those claimants (the "Direct Action Plaintiffs")[3] initiated direct actions in Orleans Parish District Court against Liberty Mutual, Reilly-Benton's purported liability insurer. *See* Compl. ¶¶ 34–37.

On February 8, 2019, Liberty Mutual, though counsel, requested the Trustee to reimburse it for defense and monitoring fees and costs associated with those direct-action lawsuits filed by

---

[3] All Defendants to this Action with the exception of Neyrey are Direct Action Plaintiffs.

3

the Direct Action Plaintiffs. *See* Compl., ¶ 49; Letter from Robert A. Kole to Kevin M. Neyrey, Trustee for the Reilly-Benton Asbestos Bodily Injury Claim Trust, Feb. 8, 2019 (attached hereto as **Exhibit B**). On February 15, 2019, undersigned counsel for the Trustee responded on behalf of the Trustee, informing Liberty Mutual that the Trust Funds "were exhausted in 2017," that "there were no further trust funds remaining to pay defense costs or claims," and that "the Trustee has been winding down the trust and paying the administrative fees associated therewith." *See* Letter from Ashley L. Belleau to Robert A. Kole, Feb. 15, 2019 (attached hereto as **Exhibit C**); *see also* Compl., ¶ 50.

On May 7, 2019, Liberty Mutual filed its Complaint against certain Direct Action Plaintiffs as well as against Neyrey "solely in his capacity as Trustee of the Trust." Compl. ¶ 10. As to Neyrey, Liberty Mutual seeks "reimbursement from the Trust pursuant to the Trust agreement of any fees and costs that Liberty Mutual has incurred in connection with claims of the Direct Action Plaintiffs, as well as a declaration that the Trust is obligated to reimburse Liberty Mutual for any additional fees and costs incurred in the future." Compl., ¶ 5. In its Complaint, Liberty Mutual asserts a breach-of-contract claim against Neyrey as the Trustee, alleging that

> a dispute exists between Liberty Mutual and the Trustee with respect to: (a) whether the Trust has sufficient funds to reimburse Liberty Mutual for the costs of its defense and monitoring of the Direct Actions; and (b) if not, whether all of the payments previously made by the Trustee were made in accordance with the terms of the Trust Agreement. Liberty Mutual seeks to enforce its rights to reimbursement under the Trust Agreement for costs already incurred. Liberty Mutual also seeks a declaration by the Court affirming the Trust's obligations to reimburse Liberty Mutual for its defense costs going forward.

Compl., ¶ 51.

Counts 2 and 3 of the Complaint seek a finding that Neyrey breached the Trust Agreement by declining to pay Liberty Mutual's defense costs incurred to date in defending the lawsuits filed

4

against it by the Direct Action Plaintiffs, as well as an award of those defense costs by the Trust. See Compl., ¶¶ 65–79.[4]

For the following reasons, Liberty Mutual has not and cannot state a claim against Neyrey, as Trustee of the Trust, because Neyrey cannot be held liable to Liberty Mutual under any circumstances ██████████████████████████ therefore, all claims alleged by Liberty Mutual against Neyrey in his capacity as Trustee of the Trust, must be dismissed with prejudice. Additionally, ████████████████████████████████████████
████

Alternatively, should this Court find that Neyrey could be held liable to Liberty Mutual, all claims alleged by Liberty Mutual against Neyrey in his capacity as Trustee of the Trust should be dismissed pursuant to Rule 12(b)(1) for lack of this Court's subject-matter jurisdiction, as the plain

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████

## LAW AND ARGUMENT

### I. Standards of Review

#### A. Motions Filed Pursuant to Rule 12(b)(6)

---

[4] Count I of the Complaint seeks a declaration judgment declaring that

(1) Liberty Mutual has no insurance obligations with respect to Reilly-Benton's asbestos-related liability, including, but not limited to, the Steib Action, the Courville Action, and the Bouillion Action; and/or (2) to the extent that Liberty Mutual had any insurance obligations with respect to Reilly-Benton's asbestos-related liability, including, but not limited to, the Steib Action, the Courville Action, and the Boullion Action, such obligations have been satisfied, exhausted, and extinguished [redacted].

Compl., ¶ 64. Count I does not appear to allege claims against Neyrey; however, in an abundance of caution, Neyrey requests a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) if Liberty Mutual intends that Count I apply to Neyrey.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). Under Rule 12(b)(6), all factual allegations contained in Plaintiff's Complaint are assumed to be true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

But "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Ramming v. United States*, 281 F. 3d 158, 161 (5th Cir. 2001). And "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement, will not suffice." *Iqbal*, 556 U.S. at 678. Further, "[a]lthough for the purposes of a motion to dismiss a court must take all of the factual allegations in the complaint as true, it is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* Indeed, although under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *id.* at 678–79 (citing FED. R. CIV. P. 8), in deciding whether dismissal is warranted, courts cannot accept conclusory allegations in the complaint as true, *see Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F. 2d 1045, 1050 (5th Cir. 1999). So this Court must first identify allegations that are conclusory and thus not entitled to the assumption of truth; in other words, legal conclusions must be supported by factual allegations. *See Iqbal*, 556 U.S. at 678–79. Assuming the truthfulness of the well-pleaded factual allegations, this Court must then determine "whether they plausibly give rise to an entitlement of relief." *Id.* at 679.

"If the interpretation of a contract is at issue, a court is not constrained to accept the allegations of the complaint in respect of the construction of the Agreement, although all

6

contractual ambiguities must be resolved in the plaintiff's favor." *Fast Capital Mktg., LLC v. Fast Capital LLC*, No. N-08-2142, 2008 WL 5381309, at *4 (S.D. Tex. Dec. 24, 2008) (internal quotations and citation omitted). "In the absence of ambiguity, contract interpretation is an issue of law for the court, and may be decided on a motion to dismiss." *P.J. Maffei Bldg. Wrecking Corp. v. United States*, 732 F. 2d 913, 916 (Fed. Cir. 1984).

### B. Motions Filed Pursuant to Rule 12(b)(1)

"The party asserting jurisdiction must carry the burden of proof for a Rule 12(b)(1) motion to dismiss, which is the proper method with which to bring a motion to dismiss for lack of standing." *Harrison v. Safeco Ins. Co. of Am.*, No. 06-4664, 2007 WL 1244268, at *3 (E.D. La. Jan. 26, 2007) (citing *Ramming v. United States*, 281 F. 3d 158, 161 (5th Cir. 2001)). The standard of review under Rule 12(b)(1) is the same as for a motion to dismiss under Rule 12(b)(6). *Id.*

## II. The Plain Text of the Trust Agreement Prohibits Any Liability on the Part of the Trustee to Liberty Mutual; Therefore, the Claims Against Neyrey Must Be Dismissed Pursuant to Rule 12(b)(6)

The Trust Agreement ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮ "When a contract contains clear and unequivocal provisions, those provisions shall be construed to their usual and ordinary meaning." *Id.* (citing *Dickenson v. Nevada*, 877 P.2d 1059, 1061 (Nev. 1994)).

As described above and in the Complaint, Reilly-Benton and Liberty Mutual ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████

Importantly, the Trust Agreement expressly limits the liability of the Trustee. Specifically,
████████████████

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████

███████████████████████████████████████████████
███████████████████████████████████████████████

████████████████████████████████ And Liberty Mutual's allegations do not fit into any of the exceptions ███████████ Liberty Mutual has not sued Neyrey in his individual capacity and has not alleged (nor has any basis to allege) any willful misconduct on the part of Neyrey. Indeed, throughout the Trustee's administration of the Trust, he provided quarterly complied financial statements detailing the claims and amounts paid on behalf of those claims, as well as annual audited financial statements of the Trust to Liberty Mutual. *See* Neyrey Aff., ¶ 8. Therefore, Liberty Mutual has been well aware of the Trustee's fulfillment of his fiduciary duties owed pursuant to the Trust Agreement.

███████████████████████████████████████████████
█████████████████████████████████████████ But Liberty Mutual can state no cause of action against the Trustee for failing to discharge that duty, as the Trustee owes no such duty of loyalty to Liberty Mutual. █████████████

8

██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████

Liberty Mutual has not and cannot state a claim against Neyrey, as Trustee of the Trust, because Neyrey cannot be held liable to Liberty Mutual ████████████████████ ████████████████ therefore, all claims alleged by Liberty Mutual against Neyrey in his capacity as Trustee of the Trust, must be dismissed with prejudice. ████████████████

██████████████████████████████████████████

████████████████████████ Thus, Liberty Mutual can state no claim against the Trustee for reimbursement of its purported defense costs already incurred and its defense costs going forward.[5]

### III. Liberty Mutual Has No Standing to Assert a Claim for Breach of Contract Against the Trustee or Demand Reimbursement of Defense and Monitoring Costs from the Trust; Therefore, Counts 2 and 3 of the Complaint Must Be Dismissed Pursuant to Rule 12(b)(1).

Through Counts 2 and 3, Liberty Mutual asks this Court to find that Neyrey, in his capacity as Trustee of the Trust, breached the Trust Agreement by declining to remit Trust Funds to

---

[5] Liberty Mutual requests in Count 3 not only that the Trustee reimburse it for defense costs in defending the Direct Action Plaintiffs' cases, it also asks this Court find that the Trustee "is obligated . . . to reimburse Liberty Mutual for any subsequent judgment or reasonable settlement of the Steib Action, the Courville Action, and the Boullion Action." Compl., ¶ 79. ████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████ At this time, the Trust Funds to pay ████

reimburse Liberty Mutual for costs and legal fees incurred in defending and monitoring the lawsuits filed against it in Orleans Parish District Court by the Direct Action Plaintiffs, and asks this Court to order Neyrey to pay those costs and legal fees using Trust Funds. *See* Compl. ¶¶ 65–79. But ███████████████████████████████████████ Liberty Mutual has no standing ███████████████████████████████████████ ███████████████████████ therefore, the claims against Neyrey must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

### A. The Trustee Administers the Trust as an Independent Fiduciary



10

█████████████ Importantly, █████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████

**B. Liberty Mutual Has No Standing to Petition This Court Regarding Any Aspect of the Affairs of the Trust**

Not only does the Trustee operate and administer the Trust ███████████ ████████████████████████████████████████ ████████████████████████████████████ Section 165.190 of the Nevada Revised Statutes states that only a "beneficiary may petition the court having jurisdiction over the accountings . . . for an order requiring the trustee to perform the duties imposed upon the trustee by this chapter." NEV. REV. STAT. ANN. § 165.190. ████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████

Moreover, under the Trust Agreement, ████████████████ ████████████████████████████████████████

11

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Therefore, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ denies Liberty Mutual standing to assert a breach of contract against Neyrey in his sole capacity as Trustee of the Trust or demand that its defense and monitoring costs or any future judgment or settlement be reimbursed by the Trust. For those reasons, the Trustee respectfully asks this Court to dismiss with prejudice Counts 2 and 3 of the Complaint alleged against the Trustee.

WHEREFORE, Kevin M. Neyrey, solely in his capacity as Trustee of the Reilly-Benton Asbestos Bodily Injury Claim Trust, respectfully requests this Court (i) dismiss with prejudice the claims alleged against him in the Plaintiff's Complaint for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6) and/or 12(b)(1), and (ii) grant any further relief as may be appropriate.

Respectfully submitted,

**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**

/s/ Ashley Belleau
ASHLEY BELLEAU (T.A., LA #14077)
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
E-mail: abelleau@lawla.com

*Counsel for Kevin M. Neyrey, Trustee of the Reilly-Benton Asbestos Bodily Injury Claim Trust*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Public Unredacted version has been served upon all counsel of record through the CM/ECF system on the 20th Day of August, 2019.

/s/ *Ashley Belleau*
Ashley L. Belleau