# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LIBERTY MUTUAL INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 199845WBVMBN** |
| **DANIEL JOSEPH BOULLION, ET AL.** | **SECTION D(5)** |

## ORDER AND REASONS

Before the Court is a Rule 12 Motion to Dismiss filed by Defendants Daniel Joseph Boullion, Mary Patsy Soileau Courville, Mavis Todd Courville, Michael Wade Courville, Joseph Eric Courville, Amanda Granier Steib, Donavon J. Steib, Dwane J. Steib, and Israel J. Steib.[1] Plaintiff Liberty Mutual Insurance Company has filed a Response in Opposition and Defendants have filed a Reply.[2]

After reviewing the briefs submitted by the parties and applicable law, the Court GRANTS Defendants' Motion to Dismiss.

### I. FACTUAL BACKGROUND

Plaintiff Liberty Mutual Insurance Company ("Liberty Mutual") filed suit against Reilly-Benton Company, Inc. ("Reilly-Benton") and Defendants Daniel Joseph Boullion, Mary Patsy Soileau Courville, Mavis Todd Courville, Michael Wade

---
[1] R. Doc. 22.
[2] R. Doc. 31 and R. Doc. 44.

Courville, Joseph Eric Courville, Amanda Granier Steib, Donavon J. Steib, Dwane J. Steib, and Israel J. Steib ("Declaratory Defendants") on April 29, 2019, for breach of contract and declaratory relief in relation to alleged coverage provided for individuals with asbestos-related claims. On May 31, 2019, Declaratory Defendants moved to dismiss the action under Rule 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim.

Reilly-Benton was a Louisiana-based insulator and commercial retailer that sold insulation products allegedly containing asbestos in the Mississippi Gulf Coast area from 1955 to 1973.[3] The complaint alleges that during the 1980s, Reilly-Benton was identified as a defendant in a number of lawsuits involving asbestos bodily injury claims.[4] Reilly-Benton sought coverage for these claims from Liberty Mutual, among other insurance companies.[5] Liberty Mutual states that although no insurance policy issued to Reilly-Benton could be located, Liberty Mutual paid millions of dollars in defense and indemnity costs which Liberty Mutual claims were the "full limit of all of the policies for which Reilly-Benton had identified secondary evidence of possible existence."[6]

Reilly-Benton sought additional coverage from Liberty Mutual, and the parties ultimately resolved their disputes in July 2013 with the following course of action:

---

[3] *See* R. Doc. 1, p. 5.
[4] *Id.*
[5] *See id.*
[6] R. Doc. 22-1, p. 2. *See* R. Doc. 1.

Liberty Mutual agreed to pay more than $10 million into a newly created and independent Reilly-Benton Asbestos Bodily Injury Claim Trust (the "Trust") to pay asbestos-related claims asserted against Reilly-Benton.[7] Reilly-Benton has since filed a voluntary petition for liquidation pursuant to Chapter 7 of the Bankruptcy Code. With Reilly-Benton in liquidation, individuals who contend that Reilly-Benton is liable for their asbestos-related bodily injury claims, including Declaratory Defendants, have sued Liberty Mutual and Reilly-Benton's other insurers in state court. Thereafter, Liberty Mutual filed this complaint against certain Direct Action Plaintiffs as well as the Trustee of the Trust, solely in his capacity as Trustee.[8] Liberty Mutual seeks a declaration from the Court that it has no further obligation to pay asbestos-related claims arising out of the acts or omissions of Reilly-Benton.[9] It also seeks reimbursement from the Trust for any fees and costs incurred in connection with the claims of the Direct Action Plaintiffs and a declaration that the Trust is obligated to reimburse Liberty Mutual for any future fees and costs.[10]

Declaratory Defendants are all represented by the same counsel in this action and in the previously filed state court actions they have filed against Liberty Mutual and Reilly-Benton's other insurers. Liberty Mutual maintains that although Reilly-Benton is described in the allegations as being one of the "asbestos companies," Reilly-

---

[7] *See* R. Docs. 1, 22-1.
[8] *See* R. Doc. 1, p. 4.
[9] *See id.*
[10] *See id.*

Benton is not named as a defendant in any of the state court actions because of the automatic bankruptcy stay. Liberty Mutual states that the Declaratory Defendants have named more than three dozen separate entities, with each case before a different judge.[11]

Declaratory Defendants filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) on the bases of lack of diversity of citizenship and mandatory abstention.[12] Alternatively, they request that the Court exercise its discretion to abstain from deciding declaratory judgment if the Court finds that it has the authority to grant declaratory relief in this case.[13] Defendants have also moved for dismissal for failure to state a claim under Rule 12(b)(6).[14]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a litigant to raise the defense lack of subject matter jurisdiction by way of motion. The Court may find that it lacks subject matter jurisdiction in (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts.[15] The party asserting jurisdiction, i.e., the plaintiff, bears the burden of proof for a Rule 12(b)(1) motion.[16]

---

[11] *See* R. Doc. 45, p. 6.
[12] *See* R. Doc. 22-1. *See Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).
[13] *See id.*
[14] *See* R. Doc. 22-1.
[15] *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[16] *See id.*

The Court first considers the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.

The Fifth Circuit has set out a three-step inquiry in *Orix Credit Alliance, Inc. v. Wolfe* when a court considers a declaratory judgment action.[17] While the parties each interpret the analysis differently, the parties agree that the *Orix* test is the appropriate analysis in this matter. Under *Orix*, the court must first determine whether the declaratory action is justiciable.[18] Second, if the court determines it has jurisdiction, then it must resolve whether it has the authority to grant declaratory relief.[19] Finally, "the court has to determine how to exercise its broad discretion to decide or dismiss a declaratory judgment action."[20]

### III. ANALYSIS

**A. This Court has subject matter jurisdiction based on diversity of citizenship.**

Declaratory Defendants move to dismiss, stating there is a lack of complete diversity between the parties. Plaintiff is an insurance corporation organized under the laws of Commonwealth of Massachusetts, with its principal place of business in

---

[17] 212 F.3d 891, 895 (5th Cir. 2000).
[18] *See id.* "Typically this become a question of whether an 'actual controversy' exists between the parties to the action. . . . A court's finding that a controversy exists such that it has subject matter jurisdiction is a question of law that we review *de novo*." *Id.*
[19] *See id.*
[20] *Id.*

Boston, Massachusetts. Defendants are citizens of Louisiana. Defendants argue that Liberty Mutual's Massachusetts citizenship is irrelevant because Liberty Mutual takes on Reilly-Benton's Louisiana citizenship. Defendants cite 28 U.S.C. § 1332(c)(1) as support: "in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant," the insurer shall be considered a citizen of every state of the insured.[21] Defendants' argue that this case is essentially the reverse of the state court cases in which § 1332(c)(1) applies and, therefore, Liberty Mutual's citizenship is Louisiana.[22] The Court finds Defendants' argument regarding diversity of citizenship unpersuasive. Liberty Mutual is the plaintiff in this case and maintains its Massachusetts citizenship. This is not a direct action against the insurer of a policy; rather it is an action with the insurer as the plaintiff. Therefore, 28 U.S.C. § 1332(c)(1) does not apply and the Court has subject matter jurisdiction of this matter on the basis of diversity of citizenship. The Court notes that neither party disputes that the amount in controversy exceeds $75,000. Declaratory Defendants' motion to dismiss on those grounds is without merit.

---

[21] *See* R. Doc. 22-1, pp. 12-13.
[22] *See Northbrook Nat. Ins. Co. v. Brewer*, 493 U.S. 6 (1989) (holding, "The direct action proviso does not apply to actions brought in federal court by an insurer. The proviso's language unambiguously applies only to actions *against* insurers and does not mention actions *by* insurers. This reading is reinforced by the proviso's legislative history.")

Defendants also move to dismiss based on steps two and three of the three-step declaratory relief inquiry.[23]

**B. This Court lacks the authority to consider the merits of this declaratory action.**

Defendants argue that this Court lacks authority to consider the merits of this declaratory action because (1) the Declaratory Defendants previously filed a cause of action in state court; (2) the state case involved the same issues as those in this Court; and (3) this Court is prohibited from enjoining the state proceedings under 28 U.S.C. § 2283.[24]

The first factor of the authority test is met. The fact that the Declaratory Defendants had previously filed state court claims is not in dispute.

Declaratory Defendants argue that the issues presently before the Court—whether coverage under the alleged policies of insurance exist, and if so, whether Liberty Mutual's obligations have been exhausted and extinguished by a purported Settlement Agreement—are also present in the state court cases.[25] Liberty Mutual denies that the state court action encompasses all of the claims pending in this action because Liberty Mutual also seeks to enforce the terms of its Settlement Agreement

---

[23] *See* R. Doc. 22-1, p. 3.
[24] *See id.*
[25] *See id.* at p. 4. Declaratory Defendants submit that Liberty Mutual's affirmative defenses, as stated in its Answers, in the state cases confirm that the issues in this case are present in the pending state court cases. *See id.*

via a claim for damages and declaratory relief from the Trustee.[26] Declaratory Defendants assert that the sole claim pending against them is declaratory relief filed by Liberty Mutual requesting this Court issue an Order confirming that it has no insurance obligations owed to Defendants, or, if the Court finds that it had any insurance obligations, those obligations are exhausted and extinguished through the Settlement Agreement in 2013 between Reilly-Benton and Liberty Mutual.[27] Declaratory Defendants further note that their motion to dismiss does not involve Liberty Mutual's breach of contract claim against the Trustee: "The Declaratory Defendants are seeking dismissal for lack of jurisdiction as to those claims asserted against them. There is no breach of contract claims asserted by Liberty Mutual against the Declaratory Defendants."[28]

The Court finds Liberty Mutual's argument that the fact that it added a claim against the Trustee as a party makes this case significantly different from the state court cases to be without merit. The fact that Liberty Mutual added a claim against the Trustee does not negate the fact that the legal issues presented by Liberty Mutual, as against Declaratory Defendants, are the same issues currently being litigated in state court. The Court finds it suspect that Liberty Mutual insists that the Trustee renders this case entirely different when it relies on its threadbare allegations against the Trustee as the sole distinguishing factor from the pending

---

[26] *See* R. Doc. 45, pp. 6-7.
[27] *See* R. Doc. 22-1, p. 2.
[28] *See* R. Doc. 44, pp. 3-4.

state court cases. Defendants claim that Liberty Mutual's motivation behind this suit is forum shopping. The Court declines to address those allegations at this time and focuses solely on the Declaratory Defendants' Motion to Dismiss.

Liberty Mutual also argues that the state and federal cases are different because the state court actions have accompanying tort claims, namely, the state court actions include claims by individuals against other defendants alleging exposure to asbestos. Declaratory Defendants argue that the fact that there are additional claims does not diminish the fact that the claims between Liberty Mutual and Declaratory Defendants are the same. The Court agrees.

Declaratory Defendants submit that the Court is prohibited from enjoining the state proceeding under 28 U.S.C. § 2283. Section 2283 provides, "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The Fifth Circuit Court of Appeals has determined that § 2283 bars the issuance of a declaratory judgment that would have the same effect as an injunction, as it would in this action.[29] None of the exceptions in § 2283 apply in this matter.

Liberty Mutual argues that even if every element of the authority test is satisfied, mandatory abstention will not apply where a singular issue to be decided in the

---

[29] *See Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 506 (5th Cir. 1988).

federal declaratory judgment action could resolve multiple state court claims.[30] Liberty Mutual cites *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*,[31] in which the Fifth Circuit found that the plaintiff had brought the action in federal court neither to nullify the defendant's advantage in first bringing suit in state court nor to change forums.[32]

> In *Travelers*, the plaintiff
>> explained in its original complaint that it brought suit so that the one pertinent issue, which involved seventeen [potential defendants] who could have brought suit in multitudinous forums in Louisiana and Mississippi, could be resolved consistently in one, rather than multiple, forums. Such a goal, unlike that of changing forums or subverting the real plaintiff's advantage in state court, is entirely consistent with the purposes of the Declaratory Judgment Act.

*Travelers*, 996 F.2d at 777. The Court noted, "It is abundantly clear that multiple lawsuits on the same issue can result in differing and conflicting decisions and do result in a waste of judicial time and resources."[33] However, in that case, the Fifth Circuit "[found it] significant that even though [the defendant] had ample opportunity to so do, at no time did she ask the district court to give precedence to her state court action."[34] That defendant's state court case "remained stagnant" while the "federal case moved fairly quickly."[35] When the district court in *Travelers* asked the parties to

---

[30] *See Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 777 (5th Cir. 1993).
[31] 996 F.2d 774 (5th Cir. 1993).
[32] *See id.* at 776.
[33] *See id.* at 777, n.9.
[34] *See id.* at 777.
[35] *See id.*

brief the issue of abstention, the defendant provided a brief that neither advocated nor opposed abstention.[36] The Fifth Circuit found that the defendant essentially abandoned the state case.[37] These factors weighed heavily in the Fifth Circuit's determination that the district court was authorized to review the merits of the plaintiff's declaratory judgment claim.

This Court finds the action at hand is entirely distinguishable from *Travelers*. Contrary to that case, the Declaratory Defendants passionately insist that the Court give precedence to the pending state court actions, which are active and not stagnant. The Court finds that the bases on which the Fifth Circuit in *Travelers* relied in finding that the plaintiff did not engage in forum shopping are not present in the case at hand. In fact, Liberty Mutual criticizes that in the state court actions, "significant insurance issues will be a tangential sideshow, if they are addressed at all."[38] Liberty Mutual asserts that the state court cases differ from the action at hand, "In essence the important coverage issues that form the centerpiece of this Action are merely a footnote to the State Court Actions, to the extent they are litigated at all – at which point they could be resolved inconsistently by different judges."[39] The Court is not persuaded by this argument. Also, the state court actions are all pending in Orleans

---

[36] *See id.* at 777-78.
[37] *See id.* at 778.
[38] R. Doc. 45, p. 3.
[39] R. Doc. 45, pp. 12-13.

Parish so there is no apparent concern for suit in multitudinous forums as existed in *Travelers*.[40]

Although the Court finds that it does not have authority to grant declaratory relief in this action, the Court entertains the Declaratory Defendants' alternative arguments.

**C. Even if this Court had the authority to consider the merits of this declaratory action, it would exercise its discretion to grant Defendants' Motion to Dismiss.**

Declaratory Defendants ask the Court to abstain from deciding the declaratory judgment action pursuant to the permissive standard set forth in *Brillhart v. Excess Ins. Co. of America.*[41] Liberty Mutual argues that Declaratory Defendants supplied the wrong standard. Liberty Mutual cites, *Colorado River Water Conservation Dist. v. United States*, in support of its argument against abstention.[42] "Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'"[43] In *New England Ins. Co. v. Barnett*,[44] the Fifth Circuit held that the *Colorado River* abstention doctrine, not *Brillhart*, governed the

---
[40] *See* R. Doc. 44, p. 9.
[41] 316 U.S. 491 (1942).
[42] 424 U.S. 800, 817 (1976).
[43] Internal citations omitted.
[44] 561 F.3d 392 (5th Cir. 2009),

determination of whether a district court should abstain in favor of pending state court action, where the action involved coercive relief. The Fifth Circuit delineated in *New England* that "[w]hen a court is considering abstaining from exercising jurisdiction over a declaratory judgment action, it must apply the standard derived from *Brillhart*[.]"[45] Liberty Mutual asserts that it seeks coercive relief with respect to its breach of contract claims against the Trustee, which the Court has already noted it finds suspicious, therefore the Court should evaluate the Declaratory Defendants' abstention request under the *Colorado River* standard. The Court is not convinced that the addition of the Trustee as a party invokes the *Colorado River* standard.

Declaratory Defendants submit that even under *Colorado River*, this Court should abstain from hearing this matter. The Fifth Circuit set forth a six-factor test in *St. Paul Ins. Co. v. Trejo*,[46] to determine whether "exceptional circumstances" overcome the court's general duty to exercise jurisdiction:

> *Colorado River* identified four factors that a district court should consider when determining whether "exceptional circumstances" overcome its general duty to exercise jurisdiction. These factors are: (1) whether another court has assumed jurisdiction over property, (2) whether the federal forum is inconvenient, (3) whether it is desirable to avoid piecemeal litigation, and (4) the order in which jurisdiction was obtained by the concurrent forums. Later, in *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the Supreme Court added two additional factors to the *Colorado River* test. These factors are: (1) whether the federal law

---

[45] *Id.* at 394.
[46] 39 F.3d 585, 589 (5th Cir. 1994).

> provides the rule of decision and (2) whether the state court proceedings
> are inadequate to protect the federal court plaintiff's rights.

*Id.* Neither parties make an argument for the first factor weighing for or against abstention because neither this action nor the state court actions are suits for property. Declaratory Defendants argue there is no concern for piecemeal litigation as the state court cases are all pending in Orleans Parish; there is no dispute that Declaratory Defendants have filed their claims first; there is no federal law implicated in this matter; and the state court proceedings are adequate to protect Liberty Mutual's rights. Liberty Mutual asserts that prosecution of its claims in federal court will avoid piecemeal litigation; none of the issues presented by Liberty Mutual in federal court have been litigated yet;[47] and the other factors weigh neutrally. The Court finds that, considering the procedural posture of the state court cases, the lack of federal law implicated in this matter, and the fact that the state court is more than adequate to protect Liberty Mutual's state law rights, the factors weigh in favor of abstaining from deciding the declaratory judgment action. Therefore, although the Court finds that the more permissive *Brillhart* standard applies, even if the *Colorado River* standard were to apply, the Court finds there would be grounds for discretionary abstention.

---

[47] *See* R. Doc. 45, p. 17. This information was written on August 15, 2019. The Court imagines the state court proceedings have progressed incredibly since this brief was written.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Rule 12 Motion to Dismiss (R. Doc. 22) is GRANTED.

New Orleans, Louisiana, this the 4th day of March, 2020.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**