# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LIBERTY MUTUAL INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-9845-WBV-MBN** |
| **DANIEL JOSEPH BOULLION, ET AL.** | **SECTION D(5)** |

## ORDER AND REASONS

Before the Court is the Motion to Dismiss,[1] filed by Defendant Kevin M. Neyrey ("Neyrey"), solely in his capacity as Trustee of the Reilly-Benton Asbestos Bodily Injury Claim Trust. The motion is opposed.[2]

After reviewing the briefs submitted by the parties and applicable law, the Court GRANTS Defendant Neyrey's Motion to Dismiss.

## I. FACTUAL BACKGROUND

To promote judicial economy and preserve judicial resources, the Court adopts the Factual Background as written in its March 4, 2020 Order.[3] Defendant Neyrey countersigned the Trust Agreement as the Trustee of the Trust after being selected by Reilly-Benton as the initial Trustee, with the written approval of Liberty Mutual.[4]

---

[1] R. Doc. 53.
[2] R. Doc. 48-1.
[3] *See* R. Doc. 101.
[4] *See* R. Doc. 53-5, p. 2.

Liberty Mutual has sued Defendant Neyrey solely in his capacity as Trustee for breach of contract and reimbursement for defense costs incurred to date in defending lawsuits filed against it by the Declaratory Defendants, who were previously dismissed from this action, and for future defense and monitoring costs.[5] On August 20, 2019, Defendant Neyrey filed a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the movant is entitled to relief to give the non-movant fair notice of what the claim is and the grounds upon which it rests.[6] To survive a Rule 12(b)(6) attack, a complaint need not contain detailed factual allegations.[7] However, mere conclusions or a formulaic recitation of the elements of a claim will not suffice.[8] Although a court must accept as true all of the factual allegations in a complaint, it need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements."[9] Assuming the veracity of well-pleaded factual

---

[5] R. Doc. 1.
[6] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[7] *See id.*
[8] *See id.*
[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

allegations, the Court then determines whether the allegations plausibly give rise to an entitlement to relief.[10]

The parties agree that the Trust Agreement is governed by Nevada law, which provides that the "starting point for the interpretation of any contract is the plain language of the contract."[11] "When a contract contains clear and unequivocal provisions, those provisions shall be construed to their usual and ordinary meaning."[12] Contractual interpretation, including whether a contract is ambiguous, is a question of law for the Court and may be decided on a motion to dismiss.[13]

### III. ANALYSIS

Defendant Neyrey asserts that Liberty Mutual has not and cannot state a claim against him in his capacity as Trustee. In support of this argument, Defendant Neyrey points to the Trust Agreement, which specifies the obligations of the Trustee and the limitation on the Trustee's liability:

> The Trustee shall not be answerable or accountable to Reilly-Benton, Liberty Mutual or any third party under any circumstances, except that he shall be liable in his individual capacity (i) for willful misconduct, and (ii) for any taxes on or measured by the fees received by the Trustee for acting as Trustee; provided, however, that nothing herein shall be deemed to release the Trustee from liability for failing to discharge his duty of loyalty to the Trust's beneficiaries.

---

[10] *See id.* at 679.
[11] *Keife v. Metropolitan Life Ins. Co.*, 797 F. Supp. 2d 1072, 1075 (D. Nev. 2011).
[12] *Id.*
[13] *See id.*

R. Doc. 53-5, p. 2. "Liberty Mutual has not alleged (nor has any basis to allege) any willful misconduct on the part of Neyrey in his individual capacity. And the Trustee owes no duty of loyalty to Liberty Mutual[.]"[14] Defendant Neyrey claims that he has complied with his duties and obligations.[15] In oral argument granted on this motion, Plaintiff Liberty Mutual conceded that there is no claim of willful misconduct on the part of the Trustee.

The Trustee also claims that the plain language of the Trust Agreement as well as Nevada law deny Liberty Mutual standing to demand an accounting, review the acts of the Trustee, or assert a breach of contract claim against the Trustee.[16] In response, Liberty Mutual asserts that under Nevada law, a trustee is the proper party to a suit against a trust.[17] Liberty Mutual argues that only if the Trust Agreement barred claims by Liberty Mutual against the Trust itself would the Trustee's arguments have merit. Absent that express language included in the Trust document, Liberty Mutual argues that it has the right to sue the Trust and can only do so under Nevada law by naming the Trustee. The Court is not convinced by this reasoning.

The Court need not delve into interpreting the Nevada Revised Statutes cited by Liberty Mutual because the language of the Trust Agreement is clear and

---

[14] R. Doc. 53-5, pp. 2-3.
[15] *See* R. Doc. 53-5, p. 3. "Indeed, throughout the Trustee's administration of the Trust, he provided quarterly complied financial statements detailing the claims and amounts paid on behalf of those claims, as well as annual audited financial statements of the Trust to Liberty Mutual." R. Doc. 53-5, p. 8.
[16] *See* R. Doc. 53-5, p. 5.
[17] *See* R. Doc. 48-1, p. 9.

unequivocal:[18] "The Trustee shall not be answerable or accountable to Reilly-Benton, Liberty Mutual or any third party under any circumstances[.]" The only exceptions that could allow for suit against the Trustee in his individual capacity, are those for willful misconduct, none of which are alleged by Liberty Mutual.

The only liability the Trustee faces is failing to discharge his duty of loyalty to the Trust's beneficiaries. However, Liberty Mutual does not and could not raise that as a cause of action because the Trustee owes no such duty of loyalty to Liberty Mutual. Liberty Mutual describes itself as a third-party beneficiary of the Trust: "Liberty Mutual requested performance of obligations owed to it as a third-party beneficiary of the Trust Agreement."[19] However, beneficiaries of the Trust are defined in the Trust in the following provision, "<u>Beneficiaries of the Trust.</u> Present and future claimants asserting Asbestos-Related Claims against Reilly-Benton and deemed by the Trustee to be entitled to some of the Trust Funds are beneficiaries of the Trust."[20] Liberty Mutual cannot be considered a beneficiary or third-party beneficiary of the Trust because the Trust specifies that "Liberty Mutual shall not have access to the Trust Funds."[21] Therefore, Liberty Mutual cannot state a claim against the Trustee in his official capacity for breach of contract or reimbursement of incurred and future defense costs.

---

[18] "Whenever possible, the plain language of the contract should be considered first." *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999) (cited by *Keife v. Metropolitan Life Ins. Co.*, 797 F. Supp. 2d 1072, 1075 (D. Nev. 2011)).
[19] *See* R. Doc. 48-1, p. 3.
[20] R. Doc. 53-5, p. 9.
[21] *Id.*

Because the Court finds that Defendant Neyrey cannot be sued in his official capacity according to the plain language of the Trust Agreement, the Court declines to entertain the alternative arguments made in the motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss (R. Doc. 53), filed by Defendant Kevin M. Neyrey, solely in his capacity as Trustee of the Reilly-Benton Asbestos Bodily Injury Claim Trust, is GRANTED.

New Orleans, Louisiana, this the 4th day of March, 2020.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**